JACKSON *et al. v.* SANDMAN. SAME *v.* CLAUDIO. SAME *v.* DE GRIEF. SAME *v.* McMILLAN.

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

1. INTOXICATING LIQUORS—PROSECUTION FOR ILLEGAL SALE—PREJUDICIAL ERROR.
    Where the only direct evidence against defendant, indicted for the sale of intoxicating liquor without license, was that of witnesses paid to procure testimony against him, the court cannot say that the improper admission in evidence of a declaration by the overseer of the poor that he was satisfied defendant was guilty had no influence with the jury, and was harmless.

2. SAME—COMPETENCY OF JURORS.
    Persons in a community who contribute to a fund for the payment of counsel and detectives, in the prosecution of a person violating the liquor laws, are incompetent as jurors for the trial of the offender.

3. SAME—EVIDENCE.
    Testimony for plaintiffs, by an officer of a "Law and Order League," that he had informed plaintiffs that evidence of a violation of the excise law had been secured against one of defendants, and that one of plaintiffs, on the procurement of the affidavits of the witnesses who had secured the evidence, had declared himself satisfied that an offense had been committed, and directed the commencement of a prosecution, was improperly received.

Appeal from Suffolk county court.

Action by Evelyn Jackson and Charles B. Wiggins, overseers of the poor of the town of Southold, against Herman Sandman, Manuel Claudio, Peter De Grief, and Clement McMillan, four separate cases, to recover penalties for illegal sales of intoxicating liquors. The evidence of the witness Young for plaintiffs, referred to in the opinion, was that he was a member of the executive committee of the Law and Order League, and disburser of its funds; that he, together with another person in behalf of the league, had an interview with plaintiffs, and stated to them that evidence had been secured against defendant Claudio for violation of the excise law; that plaintiffs (overseers) replied that they would require affidavits of the witnesses who secured the evidence, before commencing a prosecution; that an agreement was had that one of the plaintiffs, together with witness and two others, should go to see the attorney for plaintiffs, and obtain the affidavits, which was done; and that plaintiff Jackson then declared that he was satisfied that an offense had been committed, and requested the attorney to bring the action. From judgments of the county court reversing the judgments of a justice in the

cases of Sandman, De Grief, and McMillan, plaintiffs appeal.    Affirmed. From a judgment of the same court affirming in part a judgment of the justice, defendant Claudio appeals.    Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Geo. F. Stackpole,* for plaintiffs.    *E. A. Carpenter,* (*T. M. Griffing,* of counsel,) for defendants.

DYKMAN, J.    These four actions were commenced in a court of a justice of the peace by the plaintiffs, as overseers of the poor of the town of Southold, to recover penalties against the defendants for a violation of the excise law of the state of New York by the sale of strong and spirituous liquors, in quantities less than five gallons at a time, without a license therefor.    The causes were all tried before the justice and a jury, and a verdict was rendered in each case in favor of the plaintiffs.    From the judgments entered upon such verdicts the defendants appealed to the county court of Suffolk county, where the judgments were all reversed.    From the judgments in the county court the plaintiffs have appealed to this court.

The judgment against Henry Sandman was reversed for the erroneous admission of the testimony of the witness Stackpole, who testified to a conversation between himself and one of the plaintiffs, in the absence of the defendant.    That testimony was inadmissible, and we cannot say it was harmless, and had no influence with the jury.    The only witnesses who testified to the sale of spirituous liquors by the defendant were two men who were hired to procure testimony against the defendant and others.    They were paid for the evidence they gave, and such testimony is regarded with grave suspicion by courts and juries.    The independent witnesses called by the plaintiffs failed to prove any offense, and the jury might have disbelieved the two paid witnesses.    Under such circumstances, the proof that the overseer of the poor of the town said he was satisfied of the guilt of the defendant may well have had influence with the jury sufficient to turn the scale and induce the verdict. We think the judgment was properly reversed, and the judgment of the county court should be affirmed, with costs.

In the case of Manuel Claudio we cannot concur with the decision of the county court.    The admission of the testimony of James H. Young was erroneous.    It amounted to a declaration that evidence had been secured against the defendant to prove a violation of the excise laws, and may well have affected the result.    Moreover, the challenges to the jurors Charles T. Brooks, Henry C. Tuthill, and William H. Tuthill were improperly overruled.    They were parties in interest in the action, having contributed money for its prosecution, and for the procurement of testimony to establish the offense.    We cannot disregard these errors and improprieties.    The offense charged against the defendant is odious, and harmful to society, and he entered upon the trial with sufficient odium and prejudice against him without the imposition of a partial and prejudiced jury.    Like all persons charged with an offense, he was entitled to a fair trial, in conformity with law.    He was to be convicted by legal evidence addressed to an impartial court and jury, and, if that machinery was insufficient for his conviction, he had a right to acquittal.    The judgment of the county court and of the court of the justice of the peace should be reversed, with costs.

In the action against Peter De Grief we agree with the county court.    The admission of the testimony of James H. Young was erroneous, and so was the overruling of the challenge to the juror Charles Robinson.

In the action against Clement McMillan the county court reversed the judgment of the court below, and the plaintiffs appealed to this court.    We agree with the county court for the reasons stated in the case of Manuel Claudio, the challenges to the jurors Joseph A. Clark and William Griffing resting upon the same grounds as those to the jurors in that case,—they had furnished

money for the prosecution of this and other actions, and were ready and intended to contribute more.   If the plaintiffs sustained defeat in this suit, these jurors were to assist in paying the costs, and so they had a pecuniary interest in the result of the actions.   Their interests were the same as those of the plaintiffs, and differed only in degree.   It is a fundamental principle, prevalent in the administration of justice, that no man can be a judge in his own case, or where he has a pecuniary interest; and the rulings of the justice, which permitted these two men to sit as jurors after their interest was disclosed, was violative of that cardinal and unyielding rule.   It may be unfortunate that these prosecutions, which were doubtless inspired by a commendable solicitude for the welfare of the public, and the abatement of a serious local evil, has miscarried and failed, in consequence of a departure from the beaten way of procedure in the trial of actions under our system of jurisprudence.   But the errors are fatal, and cannot be disregarded.   The judgment of the county court in this action should therefore be affirmed.